IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETR KRAVCHUK,

        Plaintiff,                    No. 2:11-cv-01818 MCE KJN PS

        v.

WASHINGTON MUTUAL, F.A., et al.,

        Defendants.              ORDER and FINDINGS AND RECOMMENDATIONS

        Presently before the court is a motion to dismiss plaintiff's complaint brought pursuant to Federal Rule of Civil Procedure 12(b)(6) by all defendants except defendant Quality Loan Service Corporation[1] (collectively, "Moving Defendants").[2] Plaintiff filed no written opposition, statement of non-opposition, or other response to the pending motion despite being given multiple opportunities to do so and clear warnings from the court that failure to oppose the motion would lead to the involuntary dismissal of his lawsuit with prejudice. For the reasons

---

[1] The other named defendant in this case, Quality Loan Service Corporation, previously filed a Declaration of Nonmonetary Status when this case was proceeding in state court, and plaintiff did not object to that filing. (See Notice of Non-Opposition to Quality Loan Serv. Corp.'s Decl. of Nonmonetary Status, Dkt. No. 7.)

[2] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

that follow, the undersigned recommends that plaintiff's action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

I.  BACKGROUND

On July 15, 2011, the Moving Defendants filed their motion to dismiss plaintiff's complaint (Dkt. No. 4), and on August 11, 2011, re-noticed that motion (Dkt. No. 8).  The Moving Defendants noticed their motion to dismiss for a hearing to take place before the undersigned on September 29, 2011, and that hearing date was subsequently continued by the court to October 20, 2011.  (See Minute Order, Aug. 16, 2011, Dkt. No. 10; Minute Order, Aug. 31, 2011, Dkt. No. 11.)  Pursuant to this court's Local Rules, plaintiff was obligated to file and serve a written opposition or statement of non-opposition to the pending motion at least fourteen days prior to the re-noticed hearing date, or October 6, 2011.  See E. Dist. Local Rule 230(c).[3]  Plaintiff, who is proceeding without counsel, failed to file a written opposition or statement of non-opposition with respect to the motion to dismiss.

On October 11, 2011, and in response to plaintiff's failure to file a response to the Moving Defendants' motion to dismiss, the undersigned entered an order that: (1) continued the hearing on the motion to dismiss until December 8, 2011; and (2) required plaintiff to file a written opposition or statement of non-opposition to the pending motion on or before October 20, 2011. (Order, Oct. 11, 2011, Dkt. No. 12.)  That order states, in part:

> Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions

---

[3] Eastern District Local Rule 230(c) provides:

> **(c) Opposition and Non-Opposition.** Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date.  A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.  No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[4]  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."), cert. denied, 516 U.S. 838 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

(Id. at 2-3 (footnote in original).) Later in that order, the court again warned plaintiff that:

*"Plaintiff's failure to file a written opposition will be deemed a statement of non-opposition to the pending motion and plaintiff's consent to the granting of the motion to dismiss, and shall constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed pursuant to Federal Rule of Civil*

---

[4]  The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss.  See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. Appx. 789, 790 (9th Cir. 2010), cert. denied, 131 S. Ct. 422 (2010).

*Procedure 41(b).*" (Id. at 3 (emphasis in original).) Thus, the court gave plaintiff very clear warnings that his case would be dismissed for failure to prosecute his action or his failure to comply with the Federal Rules of Civil Procedure, the court's orders, or the court's Local Rules.

The court's docket reveals that plaintiff has again failed to file a written opposition or statement of non-opposition to the motion to dismiss. Plaintiff failed to do so despite being given an additional opportunity to oppose the motion to dismiss and explicit warnings that the failure to file a written opposition or statement of non-opposition would result in the dismissal of his entire lawsuit with prejudice.

II.   DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders.[5] See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition), cert. denied, 538 U.S. 909 (2003). This court's Local Rules are in accord. See E. Dist. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with

---

[5] Rule 41(b) provides, in relevant part: "**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

4

any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E. Dist. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995), cert. denied, 516 U.S. 838 (1995). The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, the five relevant factors weigh in favor of dismissal of this action. The first two factors strongly support dismissal of this action. Plaintiff's failure to file an opposition or statement of non-opposition to the Moving Defendants' motion to dismiss in the first instance, and his failure to do so a second time despite clear warnings of the consequences for such failures, strongly suggests that plaintiff has abandoned this action or is not interested in seriously prosecuting it. See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Moreover, although plaintiff had notice of the continued hearing date and his potentially final opportunity to respond to the motion on or before October 20, 2011, plaintiff took no action. Any further time spent by the court on this case,

which plaintiff has demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and take away from other active cases. See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

In addition, the third factor, which considers prejudice to a defendant as a result of plaintiff's failure to timely oppose a motion to dismiss, should be given some weight. See Ferdik, 963 F.2d at 1262. A motion to dismiss is an aid to simplifying the issues and dismissing improper claims or parties before discovery commences. Plaintiff's failure to oppose the motion to dismiss after being given two opportunities to do so, and his failure to communicate with the court or explain his non-participation in this litigation, raise the real possibility that the Moving Defendants might be forced to unnecessarily engage in further litigation against claims that plaintiff does not appear to value enough to pursue in a serious manner. The Moving Defendants have been diligently pursuing their motion, and plaintiff stalled this matter and prevented the efficient resolution of this lawsuit. Such unreasonable delay is presumed to be prejudicial. See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

The fifth factor, which considers the availability of less drastic measures, also supports dismissal of this action. As noted above, the court has actually pursued remedies that are less drastic than a recommendation of dismissal. See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal."), cert. denied, Malone v. Frank, 488 U.S. 819 (1988). The court excused plaintiff's initial failure to oppose the potentially dispositive motion, granted plaintiff additional time to file an opposition or statement of non-opposition, and continued the hearing on the motion. Moreover, the court advised plaintiff of the requirement of opposing the motion to dismiss and informed him of the requirements of the Local Rules. Furthermore, the court advised plaintiff that he was required to comply with the court's Local Rules and the Federal Rules of Civil Procedure even though he is

proceeding without counsel.  It also warned plaintiff in clear terms that failure to comply with the court's orders would result in a recommendation of dismissal with prejudice.  Warning a plaintiff that failure to take steps towards resolution of his or her action on the merits will result in dismissal satisfies the requirement that the court consider the alternatives.  See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.") (citing Malone, 833 F.2d at 132-33).  At this juncture, the court finds no suitable alternative to a recommendation for dismissal of this action.  This finding is supported by the fact that plaintiff's claims center on his default on a home loan and subsequent foreclosure, which in turn suggests that plaintiff would very likely be unable to pay any monetary sanction imposed in lieu of dismissal.

The court also recognizes the importance of giving due weight to the fourth factor, which addresses the public policy favoring disposition of cases on the merits.  However, for the reasons set forth above, factors one, two, three, and five strongly support a recommendation of dismissal of this action, and the fourth factor does not materially counsel otherwise.  Dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted).  Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.

III.   CONCLUSION

In light of the foregoing, IT IS HEREBY ORDERED that the hearing on the Moving Defendants' motion to dismiss (Dkt. No. 8), presently scheduled for December 8, 2011, is vacated.

It is FURTHER RECOMMENDED that:

1.   Plaintiff's case be dismissed with prejudice as to all defendants pursuant to

7

Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

      2.     The Clerk of Court be directed to close this case and vacate all future dates in this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

DATED: October 21, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE